|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | PRIORITY SEND |
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.    **CV 11-8543-JFW (SSx)**                                                                    Date:  November 17, 2011

Title:        Paul K. Lee, et al. -v- JP Morgan Chase Bank National Association, et al.

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

　　　Shannon Reilly　　　　　　　　　　　　　　None Present
　　　Courtroom Deputy　　　　　　　　　　　　Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　　ORDER DISMISSING ACTION FOR LACK OF
　　　　　　　　　　　　　　　　　　　　　　　SUBJECT MATTER JURISDICTION

　　　On October 14, 2011, Plaintiffs Paul K. Lee and Yaeyeon Lee (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants JP Morgan Chase Bank, National Association, as successor in interest to Washington Mutual Bank, FA and JP Morgan Chase National Corporate Services, Inc. (collectively, "Defendants"), alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

　　　Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

　　　In their Complaint, Plaintiffs allege that they are residents of the County of Los Angeles, California.  Complaint, ¶ 3.  However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  Therefore, Plaintiffs' allegations are insufficient to establish their citizenship.

　　　In addition, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. §

1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Plaintiffs have failed to properly allege the citizenship of JP Morgan Chase National Corporate Services, Inc.  Moreover, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located.  Plaintiffs have failed to properly allege the citizenship of JP Morgan Chase Bank, National Association.

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.